UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————

No. 13-cv-449 (RJS)

———————————

UNITED STATES OF AMERICA

*ex rel.*

HENRYK KROL,
*on behalf of himself and all others similarly situated*,

Plaintiffs,

VERSUS

ARCH INSURANCE COMPANY,

Defendant.

———————————

OPINION AND ORDER
September 11, 2014

———————————

RICHARD J. SULLIVAN, District Judge:

Plaintiff Henryk Krol brings this putative class action against Defendant Arch Insurance Company ("Arch"), the surety of a payment bond issued under the Miller Act, to recover wages allegedly due under a contract covered by the Davis-Bacon Act. Now before the Court is Arch's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which the Court deems to be a motion for judgment on the pleadings pursuant to Rule 12(c).

For the reasons discussed below, the Court finds that Krol cannot maintain his claim unless (1) there has been an administrative determination that his employer failed to pay the prevailing wage rates required by the Davis-Bacon Act, and (2) any funds administratively withheld by the government are insufficient to reimburse him. Because Krol's claim does not plead these elements, the Court grants Arch's motion.

## I. BACKGROUND

### A. Facts

This case arises out of a public works contract (the "Contract") between the United States General Services Administration (the "GSA") and Fox Industries Ltd. ("Fox") for Fox to perform work on the Jacob K. Javits Federal Building in Manhattan (the "Project").[1] (Compl. ¶ 1.) The Contract called for Fox to perform construction work on the Project, including "bricklaying, masonry, stone setting and other construction trades." (*Id.* ¶ 14.) Pursuant to the Davis-Bacon Act, 40 U.S.C. §§ 3141 *et seq.*, the Contract contained a provision requiring Fox, and any subcontractors of Fox, to pay laborers who worked on the Project wages and benefits at the prevailing rates for the type of labor performed. (*Id.* ¶¶ 16–17.) In addition, the Contract included a schedule of prevailing rates (the "Prevailing Rate Schedule") for various job classifications. (*Id.* ¶ 17.) As required by the Miller Act, 40 U.S.C. §§ 3131 *et seq.*, Fox obtained a payment bond, issued by Arch, to guarantee payment to laborers and suppliers. (Compl. ¶¶ 6, 18.)

Plaintiff Krol performed labor at the Project as a bricklayer from July 2012 to August 2012. (Compl. ¶ 20.) He was paid wages between approximately $46.00 per hour and $74.00 per hour, and was not paid supplemental benefits. (*Id.* ¶¶ 20, 21.) At the time, the prevailing wage rate for bricklayers in New York County was $51.97 per hour and the prevailing benefits rate was $24.06 per hour. (*Id.* ¶ 21.) Fox also failed to pay other members of the putative class the prevailing wages and benefits they were due under the classifications of labor they performed. (*Id.* ¶ 22.)

### B. Procedural History

On January 18, 2013, Krol filed this action, on behalf of himself and a putative class of all laborers who worked for Fox on the Project, to recover prevailing wages due under the Davis-Bacon Act on the Miller Act bond issued by Arch. (Compl. ¶ 1.) Arch filed its answer on February 21, 2013. (Doc. No. 3.) On October 17, 2013, Krol filed a motion to certify the putative class pursuant to Rule 23 of the Federal Rules of Civil Procedure. (Doc. No. 15.) Arch filed an opposition to Krol's motion on November 25, 2013. (Doc. No. 22.) On December 30, 2013, while the class certification was still pending, Arch filed the instant motion, arguing that Krol's claim cannot be maintained absent an administrative determination that a Davis-Bacon Act violation occurred.[2] (Doc. No. 24.) The motion was fully briefed on February 17, 2014. (Doc. No. 35.)

## II. LEGAL STANDARD

Although Arch's motion is styled as a motion to dismiss under Rule 12(b)(6), a defendant may not make a motion under Rule 12(b) after it has filed its responsive pleading. Fed. R. Civ. P. 12(b). A post-answer motion arguing that a complaint fails to state a claim must be brought, instead, as a motion for judgment on the pleadings

---

[1] The facts are taken from the Complaint (Doc. No. 1 ("Compl.")), which are assumed to be true for purposes of this motion. In deciding the motion, the Court has also considered Arch's supporting memorandum (Doc. No. 30 ("Mem.")), Krol's opposition (Doc. No. 31 ("Opp.")), and Arch's reply (Doc. No. 35 ("Rep.")).

[2] Following the pre-motion conference on Arch's Rule 12 motion, the Court adjourned *sine die* the deadline for Krol's reply brief in support of the Rule 23 motion. (Doc. No. 23.)

under Rule 12(c). *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). Accordingly, the Court deems Arch's motion to be brought pursuant to Rule 12(c).

Courts evaluate a motion for judgment on the pleadings pursuant to Rule 12(c) under the same standard as a motion for failure to state a claim pursuant to Rule 12(b)(6). *See Nicholas v. Goord*, 430 F.3d 652, 657 n.8 (2d Cir. 2005). To survive such a motion, a complaint must "provide the grounds upon which [the] claim rests." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns*, 493 F.3d at 98. However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a pleading that only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Id*. at 570.

### III. DISCUSSION

Arch does not dispute that Fox did not pay Krol the prevailing wages and benefits for a "bricklayer." Instead, it argues that Krol was properly classified as a "laborer" and "cement mason" and that he was paid the prevailing wages and benefits under those classifications. (Decl. of George J. Curis, dated Dec. 23, 2013, Doc. No. 29 ("Curis Decl.") ¶¶ 11–14.) Thus, the principal substantive dispute in this case is whether Krol was properly classified.

That substantive question is not posed by the motion before the Court, however. Instead, the issue before the Court is whether Krol may maintain this claim at all, unless (1) the U.S. Department of Labor (the "DOL") or the contracting federal agency – here, the GSA – has made an administrative determination that Krol's employer – here, Fox – failed to pay prevailing wages due under the Davis-Bacon Act, and (2) any funds withheld from the employer by the federal government are insufficient to pay Krol the owed wages. This appears to be an issue of first impression in the Second Circuit. Arch argues that because the Davis-Bacon Act is enforced administratively, the above requirements are prerequisites to suit. Without disputing this characterization of the Davis-Bacon Act, Krol argues that because his suit is brought under the Miller Act, any limitations on Davis-Bacon Act suits are inapplicable.

For the reasons discussed below, the Court finds that Krol's claim must comply with section 3 of the Davis-Bacon Act, 40 U.S.C. § 3144(a)(2), which permits laborers to bring an action on a Miller Act bond only if (1) the DOL or the contracting agency has made an administrative determination that a prevailing wage violation occurred, and (2) any payments withheld by the federal government are insufficient to make the laborer whole. Because Krol has failed to allege facts to establish these elements, his claim fails as a matter of law.

3

## A. Davis-Bacon Act

Congress passed the Davis-Bacon Act during the Great Depression to ensure that contractors bidding on federal contracts could not submit their bids based on below-market labor costs and thereby drive down local wages. *See Carrion v. Agfa Const., Inc.*, 720 F.3d 382, 384 n.4 (2d Cir. 2013); *Univs. Research Ass'n, Inc. v. Coutu*, 450 U.S. 754, 773 (1981). The Act requires federal contracts "in excess of $2,000, to which the Federal Government . . . is a party, for construction, alteration, or repair . . . of public buildings and public works of the Government" to contain a provision requiring contractors and subcontractors to pay their laborers and mechanics minimum wages that are "based on the wages the Secretary of Labor determines to be prevailing for the corresponding classes of laborers and mechanics employed on projects of a character similar to the contract work in [the relevant locality]." 40 U.S.C. §§ 3142(a)–(b). The Act further requires covered contracts to include a provision permitting the federal agency to withhold accrued payments from noncompliant contractors and subcontractors and to use those withheld payments to pay laborers and mechanics the wages they are due. *Id.* § 3142(c)(3). The Comptroller General must pay laborers directly from such withheld funds. *Id.* § 3144(a)(1). Covered contracts must also include a provision allowing the federal agency to terminate the right of any noncompliant contractor or subcontractor to continue work on the contract. *Id.* § 3143.

The Davis-Bacon Act is enforced administratively by the contracting federal agency and the DOL. The DOL issues both general and project-specific wage determinations for use by contracting agencies. 29 C.F.R. §§ 1.5, 1.6. Disputes between the contracting agency and contractors "concerning payment of prevailing wage rates, overtime pay, or proper classification" are resolved, in the first instance, by the Administrator of the Wage and Hour Division of the DOL's Employment Standard Administration ("Administrator"), with a right of appeal to an administrative law judge or administrative review board. *Id.* §§ 5.11(a)–(d). Contracting agencies and the DOL are jointly responsible for ensuring that prevailing wages are paid. Contracting agencies "shall cause such investigations to be made as may be necessary to assure compliance with [the Davis-Bacon Act]," *id.* § 5.6(a)(3), and the DOL may conduct its own investigations, *id.* § 5.6(b).

Although the Davis-Bacon Act exists for the benefit of laborers who perform work on federal contracts, the ability of laborers to bring suit under the Act is limited. In *Universities Research Association, Inc. v. Coutu*, the Supreme Court held that the Act "does not confer a private right of action for back wages under a contract that administratively has been determined *not* to call for Davis-Bacon work," but left open the possibility that laborers could bring suit under contracts that *do* include Davis-Bacon Act provisions. 450 U.S. at 767–69 (emphasis added). Along with most other Courts of Appeals, the Second Circuit has closed this latter possibility. In *Grochowski v. Phoenix Construction*, the Circuit held that the Davis-Bacon Act does not include a general, implied right of action for laborers, even if the contract is covered by the Act, and, moreover, that laborers cannot recover Davis-Bacon Act wages by bringing state law contract claims or claims under the federal Fair Labor Standards Act ("FLSA"). 318 F.3d 80, 86–87 (2d Cir. 2003). Such suits, the Circuit observed, would be inconsistent with the legislative scheme calling for administrative enforcement of the Act. *Id.* at 87 ("Under the [Davis-Bacon

4

Act], an aggrieved employee is limited to those administrative mechanisms set forth in the text of the statute.").

Laborers who perform under contracts governed by the Davis-Bacon Act are not entirely without remedy, however. Section 3 of the Act ("section 3") provides that:

> If the accrued payments withheld [by the federal agency] under the terms of the contract are insufficient to reimburse all the laborers and mechanics who have not been paid the wages required under this subchapter, the laborers and mechanics have the same right to bring a civil action and intervene against the contractor and the contractor's sureties as is conferred by law on persons furnishing labor or materials.

40 U.S.C. § 3144(a)(2). As discussed in greater detail below, this section confirms that laborers have an express cause of action to bring claims for Davis-Bacon Act violations on Miller Act bonds under certain well-defined circumstances. *Univs. Research Ass'n*, 450 U.S. at 773 ("If the wages . . . withheld [by the federal agency] are insufficient to reimburse the laborers and mechanics, then § 3 confers on them the same 'right of action and/or intervention' conferred by the Miller Act on laborers and materialmen.").

### B. The Miller Act

The Miller Act requires any contractor performing on a "contract of more than $100,000 . . . for the construction, alteration, or repair of any public building or public work of the Federal Government" to furnish a "payment bond with a surety satisfactory to the [contracting federal] officer for the protection of all persons supplying labor and material in carrying out the work provided for in the contract." 40 U.S.C. §§ 3131(a)–(b). The Miller Act confers on "[e]very person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished" a right to "bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought" if that person has not been fully paid within 90 days of the date on which work was last performed or materials furnished. *Id.* § 3133(b)(1).

The Supreme Court has recognized that the cause of action referenced in section 3 of the Davis-Bacon Act refers to the right to bring a suit on a Miller Act bond. *Univs. Research Ass'n*, 450 U.S. at 773. Thus, a laborer may sue to recover prevailing wages due under the Davis-Bacon Act by bringing a claim against the surety of a Miller Act bond. The case law is not entirely clear on whether section 3 of the Davis-Bacon Act creates a cause of action independent from the Miller Act cause of action or simply recognizes that the Miller Act cause of action is available to enforce the requirements of the Davis-Bacon Act. *Compare U.S. ex rel. Bradbury v. TLT Constr. Corp.*, 138 F. Supp. 2d 237, 241 (D.R.I. 2001) (characterizing suit as asserting "a Miller Act *claim* for unpaid Davis–Bacon Act wages" (emphasis added)); *U.S. ex rel. Favel v. St. Paul Fire & Marine Ins. Co.*, No. 99-cv-60 (RFC) (GF), 2001 WL 92149, at *2 (D. Mont. Feb. 1, 2001) (same), *with Castro v. Fid. & Deposit Co. of Maryland*, No. 13-cv-818 (JEB), 2014 WL 1409572, at *5 (D.D.C. Apr. 14, 2014) (holding that section 3 of the Davis-Bacon Act is "a new and fully functional right of action, and not merely a superficial reference to remedies already available under the bond statutes"). Krol's motion does not require the Court to address this

5

question.³  Regardless of whether the cause of action arises under section 3 itself or the Miller Act, it is well-settled that a laborer may bring a claim on a Miller Act bond to recover Davis-Bacon Act wages, and that the contours of such a claim are defined by section 3. *Univs. Research Ass'n*, 450 U.S. at 773. For the sake of brevity, the Court will refer to such a claim as a "section 3 claim," leaving open the question of whether such a claim arises under section 3 of the Davis-Bacon Act or the Miller Act.

### C. Krol's Claim

#### 1. Section 3 Claim

It is clear from the Complaint that Krol's claim is a section 3 claim, that is, a claim on a Miller Act bond to recover prevailing wages due under the Davis-Bacon Act. (*See* Compl. ¶¶ 25–26 (suing surety of Miller Act bond to recover prevailing wages and benefits).)

Krol argues that because he is suing under the Miller Act cause of action, his claim is not a section 3 claim and the body of law interpreting the Davis-Bacon Act is therefore inapplicable. That argument is unpersuasive. As discussed, a claim on a Miller Act bond to recover Davis-Bacon Act wages must comply with section 3, regardless of whether the cause of action arises under section 3 itself or the Miller Act. *Univs. Research Ass'n*, 450 U.S. at 773. ("§ 3 confers on [laborers and mechanics] the same 'right of action and/or intervention' conferred by the Miller Act on laborers and materialmen."). Indeed, every court that has considered a claim like Krol's has recognized that such a claim must comply with the Davis-Bacon Act, even if the cause of action arises under the Miller Act. *See, e.g.*, *Bradbury*, 138 F. Supp. 2d at 241; *Favel*, 2001 WL 92149, at *2; *Castro*, 2014 WL 1409572, at *5. That makes sense, since the Miller Act itself creates no liability for failure to pay prevailing wages. The source of such liability is the Davis-Bacon Act. The requirements of the Davis-Bacon Act would be meaningless if a party could bring a suit based on Davis-Bacon Act violations while bypassing the extensive administrative regime enforcing that statute simply by pleading a cause of action under the Miller Act.

Indeed, the Second Circuit has rejected analogous attempts to plead around the Davis-Bacon Act. In *Grochowski*, the plaintiffs sought to recover prevailing wages due under the Davis-Bacon Act by bringing claims under state law breach-of-contract and *quantum meruit* theories. 318 F.3d at 86. The Second Circuit affirmed the district court's dismissal of these claims, finding them to be impermissible end-runs around the administrative procedures of the Davis-Bacon Act. *Id.* ("At bottom, the plaintiffs' state-law claims are indirect attempts at privately enforcing the prevailing wage

---

³ The issue turns on the language in section 3 of the Davis-Bacon Act that "laborers and mechanics have the same right to bring a civil action . . . as is conferred by law on persons furnishing labor or materials [under the Miller Act]." 40 U.S.C. § 3144(a)(2). On one interpretation, this language merely confirms that the Miller Act cause of action is available to enforce Davis-Bacon Act prevailing wage requirements. On an alternative interpretation, this language creates a separate, express cause of action under the Davis-Bacon Act that mirrors the Miller Act cause of action. *See Castro*, 2014 WL 1409572, at *6–8. The difference between these two understandings is potentially significant, since the Miller Act has a one-year statute of limitations, 40 U.S.C. § 3133(b)(4), while the Davis-Bacon Act has a two-year statute of limitations, 29 U.S.C. § 255. *See Univs. Research Ass'n*, 450 U.S. at 780; *U.S. ex rel. Glynn v. Capeletti Bros., Inc.*, 621 F.2d 1309, 1315–16 (5th Cir. 1980); *Castro*, 2014 WL 1409572, at *6–8. That discrepancy is not at issue here, since Krol's claim is timely even under the one-year statute of limitations.

schedules contained in the [Davis-Bacon Act]. To allow a third-party private contract action aimed at enforcing those wage schedules would be inconsistent with the underlying purpose of the legislative scheme and would interfere with the implementation of that scheme." (citation and internal quotation marks omitted)). Thus, even if Krol's claim arises under the Miller Act, it must still comply with the requirements of section 3 of the Davis-Bacon Act.

    2.  Requirements of Section 3 Claim

Section 3 provides that laborers and mechanics may sue on a Miller Act bond only "[i]f the accrued payments withheld [by the federal agency] under the terms of the contract are insufficient to reimburse all the laborers and mechanics who have not been paid the wages required." 40 U.S.C. § 3144(a)(2). This language refers to the provisions of the Davis-Bacon Act allowing the federal contracting agency to withhold payments from noncompliant contractors and subcontractors and to disburse those withheld payments directly to laborers. *Id.* §§ 3142(c)(3), 3144(a)(1). As discussed, the contracting agency has primary responsibility for ensuring that prevailing wages are paid, 29 C.F.R. § 5.6, and the DOL may initiate investigations of its own and must resolve any disputes between the contracting agency and the contractor "concerning payment of prevailing wage rates, overtime pay, or proper classification," *id.* § 5.11.

It follows that section 3 claims must meet two requirements. First, as the text expressly states, laborers may bring a claim only if funds withheld by the agency are insufficient to fully reimburse all laborers who are entitled to prevailing wages. Second, a laborer may bring a claim only if the federal government – that is, either the contracting agency or the DOL – has administratively determined that the contractor or subcontractor has failed to pay prevailing wages. Although this second requirement is not expressly stated, it is strongly implied by both the text and the structure of the statute.

First, the statute's requirement that "the accrued payments withheld [by the federal agency] under the terms of the contract [must be] insufficient to reimburse all the laborers and mechanics" assumes that there has been an administrative determination that prevailing wages were not paid; without such a determination, there would be no basis for withholding accrued payments. *See* 40 U.S.C. § 3142(c)(3). Thus, the text of the statute assumes, without directly stating, that a section 3 claim may be brought only if there has been an administrative determination that Davis-Bacon Act wages were not paid. *See Bradbury*, 138 F. Supp. 2d at 241 ("This language contemplates an administrative determination as to what wages, if any, are actually due.").

Second, the structure of the Davis-Bacon Act and its implementing regulations suggests that the principal avenue of enforcement under the statutory scheme is administrative. As discussed, agencies are required to include prevailing wage provisions in their contracts, investigate violations by contractors, and withhold payments where necessary. *See* 29 C.F.R. §§ 5.5, 5.6. Disputes between agencies and contractors on any issues "of fact or law concerning payment of prevailing wage rates, overtime pay, or proper classification" must be resolved administratively by the DOL. *Id.* § 5.11. Only when this scheme falls short – that is, only when the payments withheld by the agency are inadequate to make laborers whole – does the Act permit laborers to file suit. 40 U.S.C. § 3144(a)(2). When considered in this light, it seems

7

highly unlikely that Congress would have constructed such an elaborate administrative scheme only to give laborers a way to bypass it completely by filing a civil suit. *See Bradbury*, 138 F. Supp. 2d at 242 ("Therefore, to prevail in such an action, plaintiff must receive an administrative determination that he is owed unpaid Davis–Bacon Act wages; to hold otherwise could disrupt Congress's carefully crafted administrative scheme."); *cf. Grochowski*, 318 F.3d at 87 ("Under the [Davis-Bacon Act], an aggrieved employee is limited to those administrative mechanisms set forth in the text of the statute. The plaintiffs' attempt to use the FLSA to circumvent the procedural requirements of the [Davis-Bacon Act] must fail." (citation omitted)).

Third, permitting a section 3 claim to go forward absent an administrative determination would raise the risk of inconsistent rulings by the DOL and the Court about whether a violation has occurred. This risk is especially heightened in a case like this one, where the principal dispute concerns the classification of labor, an issue on which the DOL has particular expertise. *See* 29 C.F.R. § 5.11. Indeed, many courts have gone so far as to rule that, in light of the complexity of the classification system, the primary jurisdiction doctrine gives the DOL *sole* jurisdiction to determine whether a laborer was properly classified.[4] *See, e.g.*, *United States v. Dan Caputo Co.*, 152 F.3d 1060, 1062 (9th Cir. 1998) ("Regulations under the Davis–Bacon Act set forth procedures for the administrative resolution of classification disputes. . . . Accordingly, deferral to the [DOL] with respect to classification determinations is proper under the doctrine of primary jurisdiction."); *U.S. ex rel. I.B.E.W., AFL-CIO, Local Union No. 217 v. G.E. Chen Const., Inc.*, 954 F. Supp. 195, 197 (N.D. Cal. 1997) ("The Court therefore finds that to the extent that plaintiffs' [False Claims Act] claims are based on allegations that defendants misclassified employees [under the Davis-Bacon Act], it lacks jurisdiction to decide those claims. Instead, those claims must be brought to the Department of Labor."); *U.S. ex rel. Windsor v. DynCorp, Inc.*, 895 F. Supp. 844, 852 (E.D. Va. 1995) ("[T]he Department of Labor has sole responsibility for resolving classification disputes under the Davis–Bacon Act."). The risk of inconsistent rulings is eliminated if section 3 permits suit only when the federal government – in particular, the DOL – has already determined that a misclassification has occurred.

Krol advances three principal arguments for why an administrative determination is not required, none of which the Court finds persuasive. First, he argues that it would be unfair to make laborers obtain an administrative determination, since they have no control over whether the DOL or the contracting agency will initiate an investigation into prevailing wage violations. (Opp. at 12.) This argument is overstated. In fact, the regulations do recognize the possibility of laborer-initiated investigations, *see* 29 C.F.R. § 5.6(a)(3) ("Complaints of alleged violations shall be given priority."), and specifically instruct contracting agencies and the DOL to interview affected laborers and keep the fact of such interviews confidential, *id*

---

[4] "The doctrine of primary jurisdiction allows a federal court to refer a matter extending beyond the 'conventional experiences of judges' or 'falling within the realm of administrative discretion' to an administrative agency with more specialized experience, expertise, and insight." *Nat'l Commc'ns Ass'n, Inc. v. Am. Tel. & Tel. Co.*, 46 F.3d 220, 222–23 (2d Cir. 1995) (quoting *Far East Conference v. United States*, 342 U.S. 570, 574 (1952)). Because neither party has addressed this issue, the Court expresses no view as to whether the primary jurisdiction doctrine applies in this case.

§ 5.6(a)(3), (5). To the extent that laborers' control of administrative proceedings is limited, that is entirely consistent with the legislative design of the Davis-Bacon Act. *See Grochowski*, 318 F.3d at 87 ("Under the [Davis-Bacon Act], an aggrieved employee is limited to those administrative mechanisms set forth in the text of the statute.").

Second, Krol argues that requiring an administrative determination would make recovery impossible for many laborers, since it will sometimes be the case that the one-year Miller Act statute of limitations will run out before the agency or the DOL has had the opportunity to make an administrative determination. (Opp. at 10–12.) The Court disagrees. As already noted, it is far from settled that a section 3 claim like Krol's is subject to the one-year Miller Act statute of limitations. At least one district court has held that such claims arise under a section 3 cause of action and thus the two-year Davis-Bacon Act statute of limitations applies. *Castro*, 2014 WL 1409572, at *6–8. Furthermore, because Krol cannot bring his claim until there has been an administrative determination that a Davis-Bacon Act violation occurred, there is a colorable argument that the claim does not accrue, and the statute of limitations does not begin to run, until such an administrative determination is made. *Santos v. Dist. Council of New York City & Vicinity of United Bhd. of Carpenters & Joiners of Am., AFL-CIO*, 619 F.2d 963, 968-69 (2d Cir. 1980) ("A cause of action ordinarily accrues when the plaintiff could first have successfully maintained a suit based on that cause of action." (citation and internal quotation marks omitted)).

Finally, Krol cites a number of cases for the proposition that a Miller Act claim includes only three elements – "(1) the laborer supplied labor in prosecution of the work covered by the bond, (2) the laborer has not been fully paid, and (3) the laborer intended for the labor to be furnished on the government's project" – and argues that all three of those elements are pleaded in the Complaint. (Opp. at 6–8.) The Court again disagrees. The cases Krol cites are entirely inapposite, since none of them involved claims based on a contractor's failure to pay prevailing wages under the Davis-Bacon Act. *See U.S. ex rel. Balzer Pac. Equipment Co. v. Fidelity & Dep. Co. of Md.*, 895 F.2d 546, 547 (9th Cir. 1990); *U.S. ex rel. Canion v. Randall & Blake*, 817 F.2d 1188, 1189 (5th Cir. 1987); *U.S. ex rel. Polied Envtl. Servs., Inc. v. Incor Grp., Inc.*, 238 F. Supp. 2d 456, 457 (D. Conn. 2002); *U.S. ex rel. Hussmann Corp. v. Fidelity & Dep. Co. of Md.*, 999 F. Supp. 734, 734 (D.N.J. 1998). Instead, each of these cases involved ordinary Miller Act claims, that is, claims by subcontractors or sub-subcontractors who provided labor or materials, but never got paid. *See Castro*, 2014 WL 1409572, at *3 (explaining purpose of Miller Act was to protect suppliers and subcontractors against the risk of default from prime contractors). Because Krol's claim is based on Fox's alleged failure to pay prevailing wages due under the Davis-Bacon Act, it is not enough for Krol to plead the elements of an ordinary Miller Act claim; he must also plead that he has satisfied the requirements of section 3 of the Davis-Bacon Act.

3. Failure to State a Claim

Like the courts in *Bradbury*, 138 F. Supp. 2d at 241, and *Favel*, 2001 WL 92149, at *2, the Court concludes that a claim to recover Davis-Bacon Act wages on a Miller Act bond cannot proceed without an administrative determination that a Davis-Bacon Act violation occurred. Those courts, however, did not consider the requirements of section 3 to be elements of the plaintiffs' claims and, accordingly, denied the motions

to dismiss in those cases. Instead, the *Bradbury* and *Favel* courts opted to stay those cases pending the required administrative determinations. *Bradbury*, 138 F. Supp. 2d at 244; *Favel*, 2001 WL 92149, at *2.

The Court disagrees with the approach taken in *Bradbury* and *Favel*. For the reasons discussed in Part III.B, regardless of whether a claim to recover Davis-Bacon Act wages on a Miller Act bond arises under the Miller Act or section 3 of the Davis-Bacon Act, it may be brought only if "the accrued payments withheld [by the federal agency] under the terms of the contract are insufficient to reimburse all the laborers and mechanics who have not been paid the wages required." 40 U.S.C. § 3144(a)(2). It is clear from the statute that the elements of such a claim include: (1) an administrative determination that a Davis-Bacon Act violation occurred, and (2) the insufficiency of funds to reimburse laborers. Krol's failure to plead these elements means that his claim fails as a matter of law.

The Court notes that, despite superficial similarity, the administrative determination requirement of section 3 is not analogous to the administrative exhaustion requirement of other federal statutes, such as the Prison Litigation Reform Act ("PLRA"). The PLRA provides that prisoner plaintiffs may not bring claims based on their conditions of confinement without first having exhausted available administrative remedies. 42 U.S.C. § 1997e(a). The Supreme Court has held that because failure to exhaust administrative remedies is an affirmative defense, prisoner plaintiffs need not plead facts about exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, this reasoning does not extend to the current context. Unlike the PLRA, section 3 of the Davis-Bacon Act does not provide an affirmative defense to what would otherwise be a legally sufficient cause of action. As discussed in Part III.B, section 3 *is* the basis for Krol's claim – but for section 3, Krol would have no right of action at all, since the Davis-Bacon Act contains no general, implied right of action, *Grochowski*, 318 F.3d at 86–87, and the Miller Act does not require contractors to pay prevailing wages.

Accordingly, a plaintiff bringing a section 3 claim must plead the existence of an administrative determination that a Davis-Bacon Act violation occurred and the insufficiency of funds to reimburse laborers, neither of which have been alleged here.

IV. CONCLUSION

For the reasons set forth above, the Court finds that Krol cannot bring a section 3 claim because he does not plead that (1) the contracting agency or the DOL made an administrative determination that his employer, Fox, failed to pay prevailing wages, and (2) any withheld funds are insufficient to reimburse him. The Court enters judgment on the pleadings in favor of Defendants, but dismisses the case without prejudice, since Krol could conceivably reinstitute this suit once an appropriate administrative determination has been made.

Accordingly, IT IS HEREBY ORDERED THAT: (1) Arch's motion is DEEMED to be brought under Rule 12(c) as a motion for judgment on the pleadings and is, so deemed, GRANTED; and (2) Krol's class certification motion is DENIED AS MOOT.

The Clerk of the Court is respectfully directed to terminate the motions pending at Doc. Nos. 15 and 24 and to close this case.

SO ORDERED.

RICHARD J. SULLIVAN
United States District Judge

Dated: September 11, 2014
      New York, New York

\*   \*   \*

Plaintiffs are represented by Lloyd Ambinder and Jack Newhouse of Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, NY 10004.

Defendants are represented by Chris Georgoulis and Monica Barron of Georgoulis & Associates PLLC, 120 Wall Street, 18th Floor, New York, NY 10005.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/2014